NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**YUNIOR DOMINGUEZ, SALT ADDICT, INC., DBA THE BALLYHOOP,**
*Plaintiffs-Appellees*

**v.**

**BARRACUDA TACKLE LLC, FLORIDA FISHING TACKLE MFG. CO., INC., DAVID BURTON YOUNG,**
*Defendants-Appellants*

---

2022-1388

---

Appeal from the United States District Court for the Middle District of Florida in No. 8:20-cv-01538-KKM-AEP, Judge Kathryn Kimball Mizelle.

---

Decided: February 27, 2023

---

JORGE ESPINOSA, GrayRobinson, P.A., Miami, FL, for plaintiffs-appellees. Also represented by ERIC BRANDON FUGETT, Pitchford Fugett, PLLC, Nashville, TN.

MARK CHRISTOPHER JOHNSON, Johnson Dalal, Plantation, FL, for defendants-appellants. Also represented by VERONIKA BALBUZANOVA, ABDUL-SUMI DALAL.

---

Before STOLL, SCHALL, and CUNNINGHAM, *Circuit Judges.*

SCHALL, *Circuit Judge.*

Barracuda Tackle LLC, Florida Fishing Tackle Manufacturing Company, Inc., and David Burton Young (collectively, "Barracuda") appeal the decision of the United States District Court for the Middle District of Florida that denied Barracuda attorney fees under 35 U.S.C. § 285. *Dominguez v. Barracuda Tackle LLC*, No 8:20-cv-1538-KKM-AEP, 2021 WL 5998127 (M.D. Fla. Dec. 20, 2021). For the reasons set forth below, we *affirm*.

## BACKGROUND

Yunior Dominguez and Salt Addict, Inc. d/b/a The Ballyhoop (collectively "Ballyhoop") filed a complaint against Barracuda for infringement of U.S. Patent No. 10,165,764 ("the '764 patent") in the United States District Court for the Southern District of Florida. The '764 patent is directed to a collapsible fishing bait net, i.e., a net that can be used to capture small fish that can be used as bait to catch larger fish. '764 Patent col. 1 ll. 12–42. Ballyhoop alleged that Barracuda's bait nets infringed claims 1 and 3 of the '764 patent directly or indirectly, either literally or under the doctrine of equivalents.[1]

Barracuda filed a motion to dismiss, arguing that Ballyhoop had failed to state a claim and that the Southern District of Florida constituted an improper venue for the suit. Barracuda also filed a motion for claim construction, a motion for summary judgment of non-infringement, and a motion seeking sanctions under Federal Rule of Civil Procedure 11 against Ballyhoop for bringing a purportedly frivolous claim. Ballyhoop responded only to the motion to

---

[1]    Ballyhoop initially asserted infringement of claims 1, 2, and 3 of the '764 patent, but subsequently decided only to assert claims 1 and 3 of the patent. J.A. 10 n.2.

dismiss and to the motion for summary judgment. A little over a year after the suit was filed, the case was transferred to the United States District Court for the Middle District of Florida. Following the case's transfer, the district court denied Barracuda's motion to dismiss as moot in view of the parties' agreement that the case could proceed on the pending motion for summary judgment. The court also denied a motion Ballyhoop had filed seeking to extend the discovery period because discovery had closed prior to the case's transfer to the Middle District. Having received no response to Barracuda's motion for claim construction, the court considered the motion unopposed and adopted Barracuda's constructions.

In due course, a magistrate judge considered Barracuda's pending motions for summary judgment and for sanctions under Rule 11 and issued a Report and Recommendation. J.A. 202–36. With respect to summary judgment, the magistrate judge concluded that Barracuda's bait nets do not literally infringe the '764 patent because they do not satisfy several claim limitations and because Ballyhoop "effectively concede[d] that the Accused Product does not literally infringe." J.A. 217–18 & n.7.[2] The magistrate judge also rejected Ballyhoop's arguments that the missing claim limitations were satisfied under the doctrine of equivalents because "a reasonable juror could not find that each element of the Accused Product and the claimed collapsible bait net in the '764 Patent perform substantially the same function in substantially the same way with substantially the same result or that the way in which they differ is insubstantial." J.A. 233. The magistrate judge therefore recommended that Barracuda's motion for summary judgment be granted. J.A. 235.

---

[2]    The magistrate judge determined that Barracuda's bait nets do not include the claim elements: (1) "semicircular tubular rods"; (2) a "pin-like insert"; and (3) "wax string that is wrapped around the tubular rod." *See* J.A. 219–24.

With regard to Barracuda's motion for sanctions, the magistrate judge determined that Ballyhoop's suit was not frivolous and that Ballyhoop had demonstrated an effort to engage in a pre-suit investigation of its infringement claim. "Further," the magistrate judge noted, "a reasonable juror could conclude that the Accused Product and the collapsible bait net claimed in the '764 Patent perform substantially the same function with substantially the same result but just not as to the way in which each achieves that result, especially in light of the claims construction." *Id.* Accordingly, the magistrate judge recommended that Barracuda's motion for sanctions be denied. *Id.*

The district court adopted the magistrate judge's Report and Recommendation in full, thereby granting Barracuda's motion for summary judgment and denying Barracuda's motion for sanctions. *Dominguez v. Barracuda Tackle LLC*, No 8:20-cv-1538-KKM-AEP, 2021 WL 3857638 (M.D. Fla. Aug. 30, 2021).

After judgment was entered in its favor, Barracuda filed a motion seeking an award of attorney fees under 35 U.S.C. § 285. The magistrate judge issued a Report and Recommendation that Barracuda's request be denied. J.A. 9–21. In reaching this conclusion, the magistrate judge rejected Barracuda's argument that the case was exceptional because Ballyhoop's infringement position was unreasonable, noting that, in the context of Barracuda's motion for sanctions under Rule 11, the court had found Ballyhoop had maintained a nonfrivolous claim for patent infringement and had demonstrated an effort to engage in pre-suit investigation of the claim. J.A. 14–16. The magistrate judge also considered and rejected Barracuda's argument that the case was exceptional because Ballyhoop had engaged in litigation misconduct and because Ballyhoop had bad-faith motivation in bringing the suit. J.A. 16–18.

The district court agreed with the magistrate judge and adopted the Report and Recommendation in full.

*Dominguez*, 2021 WL 5998127, at *2.[3]  Barracuda appeals the court's denial of attorney fees.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

#### DISCUSSION

### I

The Patent Act authorizes district courts to award attorney fees to the prevailing party in "exceptional cases." 35 U.S.C. § 285.  "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014).  "[T]here is no precise rule or formula for making these determinations," instead, district courts "may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* (internal quotation marks and citation omitted).

We review all aspects of a district court's § 285 determination for abuse of discretion. *Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. 559, 564 (2014).  "To meet the abuse-of-discretion standard, the moving party must show that the district court has made a clear error of judgment in weighing relevant factors or in basing its decision on an error of law or on clearly erroneous factual findings." *Bayer CropScience AG v. Dow AgroSciences LLC*, 851 F.3d 1302, 1306 (Fed. Cir. 2017) (internal quotation marks and citations omitted).

---

[3]    Barracuda also sought, and was awarded, a taxation of costs. *Dominguez*, 2021 WL 5998127, at *2.  The issue of costs is not before us on appeal.

## II

Barracuda makes two arguments on appeal. First, Barracuda argues that the district court abused its discretion because it did not weigh all the relevant factors under the totality-of-the-circumstances standard. That is, Barracuda contends that the court did not take into account the substantive weakness of Ballyhoop's literal infringement contention. Appellant's Br. 21–27. Barracuda also contends that the court's exceptionality analysis did not take into consideration facts pertaining to: Ballyhoop's untimely service of process to Barracuda; Ballyhoop's failure to timely file Markman briefing; Ballyhoop's failure to timely file responses to motions filed by Barracuda; and the denial of Ballyhoop's motion for an extension of discovery. Appellant's Br. 27–29.

We are not persuaded that the district court failed to consider pertinent factors. Although the court did not expressly address the strength of Ballyhoop's literal infringement claim in its decision, in its analysis under the totality of the circumstances the court did consider and agree with the magistrate judge's conclusion that Ballyhoop's litigation position *in general* was not unreasonable. *Dominguez*, 2021 WL 5998127, at \*1; J.A. 14–16. We also cannot fault the court for discussing the specifics of the case with respect to Ballyhoop's claim for infringement under the doctrine of equivalents as part of that analysis. In the same vein, we cannot say that the court abused its discretion by failing to list each act of Ballyhoop's alleged misconduct that it considered. And regardless, the court agreed with, and adopted, the magistrate judge's analysis, which itself noted Ballyhoop's failure to file responses to Barracuda's motions and Markman briefing, as well as the court's denial of Ballyhoop's motion for an extension of discovery. *Dominguez*, 2021 WL 5998127, at \*2; J.A. 10–11, 16–17.

Barracuda's second argument is that the district court abused its discretion because the court based its exceptional-case ruling on a clearly erroneous assessment of the

evidence. Barracuda argues that the court improperly relied on its Rule 11 analysis and findings in support of its § 285 analysis. Appellant's Br. 32–37. It is true that "[w]hether a party avoids or engages in sanctionable conduct under Rule 11(b) 'is not the appropriate benchmark'" in a § 285 analysis. *Rothschild Connected Devices Innovations, LLC v. Guardian Prot. Servs.*, 858 F.3d 1383, 1390 (Fed. Cir. 2017) (quoting *Octane Fitness*, 572 U.S. at 555). Here, the court considered facts it had previously considered in its Rule 11 analysis and noted its prior conclusion regarding sanctions. *Dominguez*, 2021 WL 5998127, at *1. The court did not, however, use the Rule 11 standard as its "benchmark" for an award of fees. Instead, it properly considered the totality of the circumstances. Barracuda also takes issue with what it contends was the court's disproportionate reliance on Ballyhoop's doctrine of equivalents argument. Appellant's Br. 35–37. We cannot say that the court's focus on Ballyhoop's stronger argument, infringement under the doctrine of equivalents, in determining whether Ballyhoop's litigation position was unreasonable, constituted an error of judgment. We thus see no error of law or reliance on clearly erroneous fact findings in the district court's decision.

We have considered Barracuda's remaining arguments and find them unpersuasive.

## CONCLUSION

For the foregoing reasons, we hold that the district court did not abuse its discretion in determining that, under the totality of the circumstances, this was not an exceptional case. We therefore affirm the district court's denial of attorney fees under § 285.

## AFFIRMED

### COSTS

No costs.